IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Frank Junior Jordan** |
| | First Name   Middle Name   Last Name |
| Debtor 2 (Spouse, if filing) | |
| | First Name   Middle Name   Last Name |
| Case number (If known) | **25-10779** |

☑ Check if this is an amended plan.

# Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:
    ☐ contains nonstandard provisions. See paragraph 15 below.
    ☑ does not contain nonstandard provisions.

    (b) This plan:
    ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:
    ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☑ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**2,000.00** for the applicable commitment period of:

    ☐ 60 months: **or**

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 _____%  ☐ Debtor 2 _____%

    ☑ Direct to the Trustee for the following reason(s):
    ☑ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
    _____

    (c) Additional Payments of $**0.00** (estimated amount) will be made on ___,___ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

GASB - Form 113 December 1, 2017

| Debtor | **Frank Junior Jordan** | Case number | **25-10779** |
|---|---|---|---|

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| **-NONE-** | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees**. The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**2,500.00**.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Auto Money Title Pawn** | **Chevrolet** | 15,022.00 | 8.00% | min. $300/mo. |
| **SRP Federal Credit Union** | **GMC .** | 63,764.27 | 8.00% | min. $500/mo. |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Exeter Finance LLC** | **Hyundai** | 14,000.00 | 8.00% | min. $280/mo. |

   (g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

   ☐ with interest at _____% per annum; **or** ☐ without interest:

   **None**

   (h)` **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $, whichever is greater.

GASB - Form 113 December 1, 2017

| Debtor | Frank Junior Jordan | Case number | 25-10779 |
|---|---|---|---|

5. **Executory Contracts**.
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| **-NONE-** | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| **-NONE-** | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| **-NONE-** | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **Auto Money Title Pawn** | 2022 Ram | n/a (non-recourse note) |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

Debtor  **Frank Junior Jordan**  Case number  **25-10779**

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: **December 5, 2025**

/s/Frank Junior Jordan
**Frank Junior Jordan**
*Debtor 1*

*Debtor 2*

/s/Lee Ringler
**Lee Ringler 606350**
*Attorney for the Debtor(s)*

## United States Bankruptcy Court
### Southern District of Georgia

In re  **Frank Junior Jordan**　　　　　　　　　　　　　　　　　Case No.　**25-10779**
　　　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　Chapter　**13**

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, a copy of Amended Chapter 13 Plan___ was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**Attached Mailing Matrix**

　　　　　　　　　　　　　　　　　　　　　　/s/Lee Ringler
　　　　　　　　　　　　　　　　　　　　　　**Lee Ringler 606350**
　　　　　　　　　　　　　　　　　　　　　　**Lee Ringler**
　　　　　　　　　　　　　　　　　　　　　　**SUITE 222**
　　　　　　　　　　　　　　　　　　　　　　**1450 GREENE STREET**
　　　　　　　　　　　　　　　　　　　　　　**AUGUSTA, GA 30901-5234**
　　　　　　　　　　　　　　　　　　　　　　**706-724-4000Fax:706-724-1644**
　　　　　　　　　　　　　　　　　　　　　　**lringler@leeringler.com**

```
Label Matrix for local noticing          AU MEDICAL ASSOCIATES                   AU Medical Assoc. Emergency Med
113J-1                                   C/O NATIONWIDE RECOVERY SERVICE         PO Box 745671
Case 25-10779-SDB                        PO BOX 8005                             Atlanta GA 30374-5671
Southern District of Georgia             CLEVELAND, TN 37320-8005
Augusta
Fri Dec  5 14:54:53 EST 2025

Augusta Physicians Group                 Auto Money Title Pawn                   (p)AUTOMONEY  INC
5665 New Northside Drive, Ste. 320       3729 Washington Road                    ATTN ABIGAIL SCUDDER DUFFY
Atlanta GA 30328-5834                    Augusta GA 30907-2890                   450 MEETING ST
                                                                                 CHARLESTON SC 29403-5522


Charles J. Bowen                         CASCADE CAPITAL FUNDING, LLC            Credit Collection Service
The Bowen Firm Savannah, LLC             5341 Old Redwood Hwy Suite 210          725 Canton Street
1711 Price Street                        Petaluma, CA 94954-7127                 Newton MA 02062-2679
Savannah, GA 31401-7543


Doctors Hospital Of Augusta              (p)EXETER FINANCE  LLC                  Exeter Finance LLC c/o AIS Portfolio Service
Resurgent Capital Services               NANNETTE ALAMILLA                       4515 N Santa Fe Ave. Dept. APS
PO Box 1927                              2101 W JOHN CARPENTER FWY               Oklahoma City, OK 73118-7901
Greenville, SC 29602-1927                IRVING TX 75063-3228


Frank Junior Jordan                      (p)GEORGIA DEPARTMENT OF REVENUE        Internal Revenue Service
517 Eve Street                           BANKRUPTCY                              Centralized Insolvency Operation
Augusta GA 30904-4240                    2595 CENTURY PKWY NE SUITE 339          Post Office Box 7346
                                         ATLANTA GA 30345-3173                   Philadelphia PA 19101-7346


Huon Le                                  Lee Ringler                             (p)NATIONAL CREDIT SYSTEMS
P.O. Box 2127                            Lee Ringler                             ATTN BANKRUPTCY
Augusta, GA 30903-2127                   SUITE 222                               PO BOX 672288
                                         1450 GREENE STREET                      MARIETTA GA 30006-0039
                                         AUGUSTA, GA 30901-5234


National Recovery Agency                 (p)NATIONWIDE RECOVERY SERVICE          Office of the U. S. Trustee
2491 Paxton Street                       ATTENTION PAULA TILLEY                  33 Bull Street, Suite 400
Harrisburg PA 17111-1036                 PO BOX 8005                             Savannah, GA 31401-3331
                                         CLEVELAND TN 37320-8005


Richmond County Tax Commissioner         Lee Ringler                             (p)SRP FEDERAL CREDIT UNION
535 Telfair Street Ste. 100              Lee Ringler Law Offices                 PO BOX 6730
Augusta GA 30901-2372                    1450 Greene Street                      NORTH AUGUSTA SC 29861-6730
                                         Suite 222
                                         Augusta, GA 30901-5234


TCM of Mississippi                       (p)U S  ATTORNEY'S OFFICE               Verizon Wireless
601 N. Fillmore Street                   P O BOX 8970                            500 Technology Drive, #550
Corinth MS 38834-4826                    SAVANNAH GA 31412-8970                  Saint Charles MO 63304-2225


Western Funding Inc
Resurgent Capital Services
PO Box 3427
Greenville, SC 29602-3427
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Auto Money Title Pawn, LLC  
450 Meeting Street  
Charleston, SC 29403

Exeter Finance LLC  
POB 166097  
Irving TX 75016-6097

Georgia Department of Revenue  
Compliance Div., Bankr. Section  
1800 Century Blvd. NE, Ste. 9100  
Atlanta GA 30345-3205

National Credit Systems Inc.  
3750 Naturally Fresh Blvd.  
Atlanta GA 30349-2964

Nationwide Recovery Service  
Post Office Box 8005  
Cleveland TN 37320-8005

SRP Federal Credit Union  
Post Office Box 6730  
North Augusta SC 29861

U.S. Attorney  
POB 2017  
Augusta GA 30903

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Exeter Finance LLC c/o AIS Portfolio Servi  
4515 N Santa Fe Ave Dept APS  
Oklahoma City, OK 73118-7901

(d)Frank Junior Jordan  
517 Eve Street  
Augusta, GA 30904-4240

End of Label Matrix  
Mailable recipients    27  
Bypassed recipients     2  
Total                  29